IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSALIND ENOCH,<br><br>    Plaintiff,<br><br>vs.<br><br>DAHLE/MEYER IMPORTS, LLC dba D. DAHLE MAZDA, BANK ONE, HOUSEHOLD AUTOMOTIVE FINANCE CORPORATION, TRANSOUTH FINANCIAL CORPORATION, FIRST AMERICAN CREDCO, TRIAD FINANCIAL CORPORATION, 14 COMMERCE, INC. PRM ROADLOANS, CAPITAL ONE AUTO FINANCE, INC., and DOE AUTO FINANCE COMPANY,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:05 CV 409 |

Defendants Household Automotive Finance Corp. and Transouth Financial Corp. have both moved for summary judgment on all claims brought against them by Plaintiff Rosalind Enoch. In response, Ms. Enoch has moved for partial summary judgment against Household as to her Fair Credit Reporting Act claim. Ms. Enoch also requests an order pursuant to rule 56(f) of the Federal Rules of Civil Procedure in an attempt to defeat Household's Motion for Summary Judgment as to her Equal Credit Opportunity Act claim.

After reviewing the record and the pleadings submitted by the parties, the court concludes that granting any motion for summary judgment at this stage would be premature. There are factual issues relating to the overall theory of Ms. Enoch's case that remain to be developed and

it appears that no discovery has been commenced in this matter.  "[D]iscovery is strongly favored before summary judgment is granted[.]"  Bryant v. O'Connor, 848 F.2d 1064, 1068 (10th Cir. 1988).

Although the court acknowledges that Ms. Enoch failed to submit an affidavit in support of her rule 56(f) request with regard to her Equal Credit Opportunity Act claim and failed to move for a 56(f) continuance as to her other claims, the record establishes that some discovery must occur before the allegations in Ms. Enoch's complaint can be properly resolved.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (stating that courts should rule on summary judgment motions after "adequate time for discovery").  The court concludes that Ms. Enoch should be afforded some opportunity to engage in discovery before suffering a summary dismissal of her claims.  See Haddock v. Nationwide Fin. Servs., Inc. 2006 WL 463136, *3 n.2 (D. Conn. Feb. 24, 2006) ("When a party requires additional discovery in order to oppose a motion for summary judgment, Rule 56(f) permits the court to deny or continue the motion [for summary judgment] sua sponte." (citing Rustin v. City of Seaside, 1995 WL 492629, *2 (N.D.Cal. Aug. 10, 1995)).

Therefore, Household's Motion for Summary Judgment is DENIED.  Transouth's Motion for Summary Judgment is DENIED.  The court GRANTS in part and DENIES in part Ms. Enoch's Motion to Strike the Affidavit of Karen Watkins and in Support of her Motion for Partial Summary Judgment and for a Continuance Pursuant to Rule 56(f).  Specifically, the court orders that discovery proceed, denies Ms. Enoch's request for partial summary judgment, and denies as moot Ms. Enoch's motion to strike the affidavit of Karen Watkins.  Ms Enoch's Motion to Strike the Affidavit of Adam Whitaker and to Strike the Defendant Household's "Reply" Filed with this Court on February 13, 2006 is similarly DENIED as moot.

All summary judgment motions are denied without prejudice and any party may once again move for summary judgment after a reasonable amount of discovery has been conducted.

SO ORDERED this 6th day of March, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge