IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSALIND ENOCH,<br><br>    Plaintiff,<br><br>vs.<br><br>DAHLE/MEYER IMPORTS, L.L.C., dba D. DAHLE MAZDA, et al.,<br><br>    Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:05-cv-409 TC |

On November 16, 2007, the court granted Defendants' motions for summary judgment and denied Plaintiff Rosalind Enoch's cross motions for summary judgment. Ms. Enoch has filed a Motion for Reconsideration of the court's Order.[1] For the reasons set forth below, Ms. Enoch's Motion for Reconsideration is DENIED.

First, Ms. Enoch's motion is untimely and procedurally barred. See Fed. R. Civ. Pro. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry

---

[1] Although Ms. Enoch's motion is entitled a "motion for a new trial on her claims and defenses," the Tenth Circuit has explained that a motion filed which questions the correctness of a judgment is properly treated as a Rule 59(e) motion. See Phelps v. Hamilton, 122 F.3d 1309, 1323 (10th Cir. 1997). Furthermore, the Tenth Circuit held that a motion will be considered under Rule 59(e) "when it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" Id. at 1323-24 (quoting Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir. 1989).

of the judgment.").

Additionally, Ms. Enoch's motion fails as a matter of law.  The Tenth Circuit recognizes only certain grounds for granting such a motion, including those cases where movants can show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000);  Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete, 204 F.3d at 1012.  A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling."  Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001) (quotations & citations omitted), aff'd 35 Fed. Appx. 1 (D.C. Cir. Mar. 1, 2002).  Further, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court – '[p]arties are not free to relitigate issues that the Court has already decided.'"  United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D.Pa. 2003) (citations omitted).

Consequently, courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite at the apple.  See, e.g., National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court");  Sault Ste. Marie Tribe of

Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000), cert. denied, Beverley v. Oto, 531 U.S. 1152 (2001) (motions for reconsideration under Rule 59(e) which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent . . . were properly rejected by District Court"); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised").

In her motion for reconsideration, Ms. Enoch repeats and re-emphasizes arguments from the court's initial consideration. (See Pl.'s Mem. Supp. Mot. for New Trial, at 2 ("The key fact the Court has overlooked in rendering its decision . . . is that this was a yo-yo sale.").) The court does not find Ms. Enoch's arguments persuasive. To the extent Ms. Enoch disagrees with the court's decision, such a matter is for the Tenth Circuit Court of Appeals.

The court DENIES Ms. Enoch's Motion for New Trial (dkt. #160).

SO ORDERED this 2nd day of January, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge