IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROSALIND ENOCH,<br><br>    Plaintiff,<br><br>vs.<br><br>DAHLE/MEYER IMPORTS, L.L.C., dba D. DAHLE MAZDA, et al.,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:05-CV-409TC |

This case is before the Court on motions for summary judgment filed by defendants Capital One Auto Finance (Capital One), Bank One, and Triad Financial Corporation, dba Roadloans (Triad Financial) and Plaintiff Rosalind Enoch's cross motion for summary judgment against Capital One. Ms. Enoch alleges the Defendants violated the Fair Credit Reporting Act (FCRA) by obtaining her credit report without a permissible purpose, 15 U.S.C. § 1681b(f) and failing to provide her notice regarding their use of her credit report, id. § 1681m(a). Her allegations arise out of her attempt to purchase a used vehicle from Defendant Dahle/Meyer Imports, L.L.C., dba D. Dahle Mazda (Dahle Mazda). Because the Defendants have met their burden to demonstrate that they requested Ms. Enoch's credit report with a permissible purpose and that they notified Ms. Enoch of their decision to decline to extend credit to her, the Defendants' motions (Dkt Nos. 193, 199, & 201) are GRANTED. Ms. Enoch's motion for summary judgment (Dkt. No. 218) is DENIED.

**STANDARD OF REVIEW**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts must be interpreted in the light most favorable to the nonmoving party. Planned Parenthood of Rocky Mountains Serv., Corp. v. Owens, 287 F.3d 910, 916 (10th Cir. 2002). When the moving party has properly supported its motion, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). In the absence of such a response, summary judgment should be granted.

**FACTUAL DISPUTES**

The Court incorporates by reference its order and memorandum decision of November 16, 2007 (November Order). (Dkt. No. 155) In addition to the undisputed facts described in the November Order, the following facts are material to the disposition of these motions. As explained below, although Ms. Enoch disputes some material facts, there are no genuine issues of material fact precluding summary judgment.

Capital One

Capital One's records demonstrate that it received a request for credit from Dahle Mazda on behalf of Ms. Enoch through the electronic service DealerTrack. Capital One employs an electronic system, Capstone, to process consumer applications for auto financing. When an application is received, Capstone assesses the credit application based on the parameters of the loan and the information in the application. After Capstone's assessment is complete, the

information is transferred to an underwriting system called ADX.  In the event the application is declined, ADX automatically sends a notice of that decision to the consumer.  Capital One's records from ADX show that it received two credit applications for loans regarding Ms. Enoch, one on May 7, 2004 and one on May 10, 2004.  After receiving each application, Capital One obtained Ms. Enoch's credit report.  Capital One's records show that letters declining to extend Ms. Enoch credit were sent on May 16, 2004 and May 23, 2004.[1]  Capital One's practices in processing credit requests were described by Scott Eckert, Capital One's IT and Site Manager in Plano, Texas.  (Eckert Aff., Sept. 8, 2008) Mr. Eckert also testified that Capital One had obtained Ms. Enoch's credit for the sole purpose of determining whether to extend her credit to finance the purchase of a motor vehicle from Dahle Mazda.  (Id. ¶ 14)

     Ms. Enoch disputes these facts.  She argues first that Mr. Eckert's deposition should be stricken because he was not disclosed to her as a potential witness in Capital One's initial disclosures as required by Federal Rule of Civil Procedure 26(a).  Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  In this case, any failure by Capital One to comply with Rule 26 was both justified and harmless.  That Capital One would rely on an individual like Mr. Eckert to explain its loan processing system was known to all parties.  The name of the individual providing the affidavit was therefore not necessary for Ms. Enoch's discovery.  Furthermore, Ms.

---

[1] Capital One no longer has a copy of the letter sent to Ms. Enoch, but a query of the ADX system showed that two standard letters declining her application were sent.

Enoch has identified no way in which she was harmed by the failure to disclose Mr. Eckert nor can the Court conceive of one.

Ms. Enoch also challenges Mr. Eckert's affidavit on the grounds that the "electronic application" was neither attached to the affidavit as required by Federal Rule of Civil Procedure 56(e) nor made available in discovery. Mr. Eckert mentions the electronic application only in the context of stating that Capital One's records demonstrate a credit application from Ms. Enoch was received. That Capital One's records do show such an application was received is fully supported by the attached document showing a query of the ADX. (Eckert Aff., Ex. 2) Mr. Eckert's affidavit complies with Rule 56(e). Neither has Ms. Enoch shown a violation of the discovery rules because she cannot demonstrate that the application is material. Ms. Enoch does not dispute that Dahle Mazda provided Capital One with information "which prompted Capital One to pull her credit report." (Enoch's Mem. in Opp'n to Summ. J. at xii) Ms. Enoch claims Capital One should provide the application, however, because it may bear on whether Capital One had reasonable procedures in place to ensure it had a permissible purpose in obtaining Ms. Enoch's credit. (Id. at x) But, whether reasonable procedures were in place is immaterial to the disposition of this case, as explained below. For these reasons, the Court concludes that Mr. Eckert's affidavit is admissible.

Ms. Enoch also disputes that Capital One obtained her credit report for the purpose of deciding whether to extend her credit. In support of this contention, she argues that Capital One's records show that her application was declined only eleven seconds after her report was obtained. (Eckert Aff. Ex. 2) Ms. Enoch claims this shows that Capital One never seriously considered her application. As explained in Mr. Eckert's affidavit, the Capstone system is

automated and processes a credit application based on the parameters of the loan and the information available about the consumer. No implication can be drawn from the time it took Capstone to decline Ms. Enoch's application. The only facts in the record show that Capital One's sole purpose for obtaining Ms. Enoch's credit report was to make a decision about her application for an auto loan.

Finally, Ms. Enoch claims she only received one adverse action letter from Capital One. Capital One obtained her credit report and declined to extend her credit twice and was required to notify her after each event. Mr. Eckert's explanation of the automatic process for generating and sending letters notifying consumers of an adverse decision, combined with the query of the ADX database that shows two adverse action letters were sent to Ms. Enoch (Eckert Aff., Ex. 2), adequately demonstrate that Capital One twice notified Ms. Enoch that it had checked her credit and declined to offer her an auto loan. There is no reason why only one notification would have been sent when the automatic process and record keeping was the same for each. In any event, Ms. Enoch failed to allege in her complaint that Capital One violated FCRA by not notifying her of an adverse action. As a result, the question of whether the letters were sent is not material to the resolution of these motions.

Bank One

Bank One[2] had an agreement with Dahle Mazda in which it agreed to consider requests from Dahle Mazda customers for auto financing. Bank One's records show that an electronic

---

[2]After the period in question, Bank One was purchased by Chase Manhattan Bank and integrated into JPMorgan Chase. Chase Auto Finance is now in possession of the records of Bank One. For clarity, this order will refer to "Bank One" at all times.

application for credit on behalf of Ms. Enoch from Dahle Mazda was received on May 10, 2004 through DealerTrack. (Williams Aff., August 18, 2009, Ex. 2) Bank One gained access to Ms. Enoch's credit for the purpose of determining whether to extend her credit for the purchase of a vehicle from Dahle Mazda. Bank One's records further show that a letter informing her of its decision was generated and sent to Ms. Enoch on or about June 18, 2004. These facts were sworn to by David Williams, Vice President and Manager of Bank One in Salt Lake City, Utah.

Ms. Enoch disputes whether Bank One's records show a declination letter was sent to Ms. Enoch. She maintains there is no evidence that the letter was mailed. The records provided by Bank One do show that a "generic decline letter" was generated for Ms. Enoch on June 18. (Williams Aff., Ex. 2) Mr. Williams testified that the records were authentic and that they were kept as part of Bank One's regular business activities. There is no reason to believe that the letter was not sent.

Triad Financial

Triad Financial received an electronic credit application on behalf of Ms. Enoch from Dahle Mazda through DealerTrack. After receiving this application, Triad Financial obtained Ms. Enoch's credit report for the purpose of determining whether to extend credit to her for the purchase of a vehicle from Dahle Mazda. Triad Financial declined to extend credit to Ms. Enoch. Triad Financial informed Ms. Enoch of its decision by a letter sent on June 7, 2004. (Satterfield Aff., Sept. 2, 2008, Ex. A) Triad Financial's direct lending operation, called Roadloans, processes applications submitted to it directly by consumers. Roadloans did not receive an application from Dahle Mazda on behalf of Ms. Enoch nor did it gain access to or review Ms. Enoch's credit report in connection with an application from Dahle Mazda.

(Goodman Aff., Sept. 2, 2008) These facts were sworn to by David Satterfield, Triad Financial's Senior Vice-President for Dealer Channel Originations and Chris Goodman, Roadloan's Senior Vice-President for Dealer Channel Originations.

Ms. Enoch filed a response to Triad Financial's motion for summary judgment on February 2, 2009, the night before the Court's scheduled hearing on this matter. This was more than two months after the deadline for filing the memorandum, which was set for November 21, 2008 after two extensions. The response memorandum is untimely and will not be considered by the Court. Triad Financial's statement of undisputed material facts is well supported and deemed admitted.

## LEGAL ANALYSIS

The Defendants argue they should be granted summary judgment because the evidence demonstrates they obtained Ms. Enoch's credit with a permissible purpose and, accordingly, they complied with FCRA. 15 U.S.C. § 1681b(a). There is no evidence to suggest the Defendants obtained Ms. Enoch's credit report for any purpose other than to determine whether to offer her an auto loan. As explained in the November Order, this constitutes a permissible purpose under FCRA. (November Order at 6) Ms. Enoch reargues her claim that she was not "involved" in the credit transaction as required by FCRA. The Court addressed of this argument in its November Order and concluded that Ms. Enoch was involved with the transaction for purposes of FCRA. (Id.) Ms. Enoch's reliance on Stergiopoulos v. First Midwest Bancorp. Inc., 427 F.3d 1043 (7th Cir. 2005), to argue she is an "innocent bystander" is unavailing. Like the plaintiffs in Stergiopoulos, Ms. Enoch "initiated the credit transactions at the car dealerships by requesting financing" and therefore fails to show she was an innocent bystander. Id. at 1047. That she

allegedly was mislead as to the way the financing would be obtained is not relevant to the question of whether she participated in the transaction. (November Order at 6)

Ms. Enoch argues that the Defendants lacked a permissible purpose in obtaining her credit because she had been told by Dahle Mazda that financing had been arranged for her before the Defendants obtained her credit report. Therefore, at the time her credit was obtained, she argues, she was no longer seeking financing. The November Order explained that even in the event Dahle Mazda had made this misrepresentation, that does not mean the lenders lacked a permissible purpose. (November Order at 7) Here, the Defendants provided affidavits stating they obtained Ms. Enoch's credit only to determine whether to extend her financing. (Williams Aff. ¶ 8; Eckert Aff. ¶ 14; Satterfield Aff. ¶ 7) There is no evidence to suggest they had knowledge of Dahle Mazda's alleged misrepresentations or that they obtained Ms. Enoch's credit for any impermissible reason. Ms. Enoch has not established any agency relationship between Dahle Mazda and the Defendants and the Defendants cannot be held responsible for any alleged misdeeds by Dahle Mazda.

Ms. Enoch attempts to rebut this conclusion by arguing that FCRA imposes a duty on lenders to have "reasonable procedures" in place to ensure that they request consumer credit reports only for permissible purposes. FCRA imposes no such duties on lenders. Fifteen U.S.C. § 1681e requires "every consumer reporting agency" maintain "reasonable procedures" to avoid violations of the Act. It is undisputed the Defendants are users of consumer information, not consumer reporting agencies. Nowhere does FCRA impose a duty on <u>users</u> to maintain reasonable procedures. Accordingly, Ms. Enoch's arguments regarding the Defendants failure to maintain such procedures are irrelevant.

Finally, the Defendants argue summary judgment should be granted because the evidence demonstrates they sent notice to Ms. Enoch that they declined to extend credit to her. FCRA requires a user of consumer information to notify a consumer if the user takes any adverse action based on information in a credit report. 15 U.S.C. § 1681m. Ms. Enoch did not contest Triad Financial's assertion that it sent her a letter notifying her of its decision. Triad Financial's support of its assertion is well founded and there is no genuine issue of material fact regarding the letter. (Satterfield Aff. ¶ 8 & Ex. A) Summary judgment on this issue for Capital One is also appropriate because Ms. Enoch never alleged Capital One failed to notify her of its decision in her complaint. (Compl. ¶ 60) Accordingly, Ms. Enoch has not stated a claim against Capital One on this ground.[3] Furthermore, the only evidence in the record shows that Bank One generated and sent a notice of adverse action to Ms. Enoch. (Williams Aff. ¶ 10 & Ex. 2) Bank One has met its burden and is entitled to summary judgment.

---

[3]In any event, Mr. Eckert's affidavit describes in the automated system that generates and sends adverse action letters when an application for credit is declined. Capital One's records show such a letter was generated for Ms. Enoch when each of her applications was declined. The only evidence in the record shows that a letter was sent to Ms. Enoch notifying her of Capital One's decision.

**ORDER**

For the foregoing reasons, the Defendants' motions (Dkt Nos. 193, 199, & 201) are GRANTED.  Ms. Enoch's motion for summary judgment (Dkt. No. 218) is DENIED.

DATED this 27th day of February, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge